PATRICK HAILEY, Plaintiff-Appellant, *v.* INTERSTATE MACHINERY COMPANY *et al.*, Defendants-Appellees.

Third District   No. 3—83—0407

Opinion filed January 19, 1984.

Law Offices of Kurt A. Leinweber, Ltd., of Joliet, for appellant.

James R. Fabrizio, of Garrison, Fabrizio and Hanson, Ltd., of Joliet, for appellee Buffalo Forge Company.

Linda Unger, David L. Joslyn, and Peter V. Bustamante, all of Conklin & Adler, Ltd., of Chicago, for appellee Interstate Machinery Company.

JUSTICE SCOTT delivered the opinion of the court:

The issue raised by this appeal is whether the use of fictitious

names in a complaint timely filed can toll the statute of limitations until the proper party can be identified and named as a defendant.

The plaintiff, Patrick Hailey, was injured at work while operating a sheet metal roller on May 6, 1980. Exactly two years later, on May 6, 1982, the last day for filing a complaint, the plaintiff instituted an action against John Roe, unknown designer of sheet metal roller and Jane Doe, unknown manufacturer of said sheet metal roller. With the action commenced, the plaintiff used the subpoena power to obtain from his employer the names of the defendants mentioned in the complaint under the fictitious names of John Roe and Jane Doe. Those defendants, Interstate Machinery Company and Buffalo Forge Company filed motions to dismiss in the circuit court of Will County. The circuit court granted the motions to dismiss.

■ The plaintiff appeals, urging that the doctrine of misnomer applies and *inter alia* relies upon the statutory provision of our Code of Civil Procedure relating to the misnomer of parties. (See Ill. Rev. Stat. 1981, ch. 110, par. 2—401.) Plaintiff's reliance upon this statutory provision, however, is misplaced. Our reviewing courts have held that the misnomer rule is narrow and applies only when an action is brought and served upon a party intended to be made a defendant (thus giving actual notice of the lawsuit against the real party in interest), but the process and complaint do not refer to the person by his correct name. See *Ashley v. Hill* (1981), 101 Ill. App. 3d 292, 427 N.E.2d 1319.

■ The plaintiff attempts to rely as well on a statutory provision which permits amended pleadings to relate back to the date of filing the original pleading. (See Ill. Rev. Stat. 1981, ch. 110, par. 2—616(d).) This reliance is also misplaced in that the relied-upon statutory provision is not applicable to the facts in the instant case since service of summons upon the correct defendant is required, albeit in the wrong capacity or as agent of another.

■ An enlightening discussion relating to the use of unknown or fictitious parties is found in 59 Am. Jur. 2d *Parties* sec. 17 (1971). The rule throughout this discussion provides that jurisdiction to sue unknown or fictitious persons must be obtained pursuant to some express statute. Since no such statute exists in our State, the circuit court of Will County correctly dismissed the lawsuit against the defendants, Interstate Machinery Company and Buffalo Forge Company. The judgment of dismissal should be affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.