564

HILDA PERRY, Plaintiff-Appellant, v. RUSH-PRESBYTERIAN-ST. LUKE'S MEDICAL CENTER, Defendant-Appellee (Rush-Presbyterian-St. Luke's Medical Center *et al.*, Defendants).

First District (5th Division)  No. 87—2104

Opinion filed December 30, 1988.

Thomas J. Nathan, of Lane & Munday, of Chicago, for appellant.

Peterson, Ross, Schloerb & Seidel, of Chicago (Thomas S. White, Jean Yedlicka Graber, and Gregory D. Hopp, of counsel), for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Hilda Perry, appeals from the dismissal of her cause of action for medical malpractice against defendant, Rush-Presbyterian-St. Luke's Medical Center (Rush). After the dismissal, the case continued in the trial court against defendant Linda Blakely. We address the issue of whether a hospital can be named as a medical malpractice respondent in discovery pursuant to section 2—402 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—402). For the following reasons, we reverse and remand.

On October 10, 1986, plaintiff filed a medical malpractice action for injuries she allegedly sustained while a patient in the hospital in October of 1984. Plaintiff named Rush and certain doctors and nurses as respondents in discovery.

Approximately one month after the complaint was filed, Rush filed a motion to dismiss plaintiff's cause of action arguing that a hospital cannot be named as a respondent in discovery under section 2—402 because the section is only applicable to individuals, relying on *Evans v. Bachman* (1979), 78 Ill. App. 3d 1107, 398 N.E.2d 114. Plaintiff then moved to amend her complaint and convert Rush from a respondent in discovery to a defendant.

On June 4, 1987, the court granted Rush's motion to dismiss and denied plaintiff's motion to amend her complaint, finding that a hospital could not be named as a respondent in discovery. Plaintiff filed a timely notice of appeal.

OPINION

The only issue on appeal is whether a hospital can be named as a medical malpractice respondent in discovery under section 2—402. (Ill. Rev. Stat. 1985, ch. 110, par. 2—402.) Our research indicates that the only Illinois case that mentioned the issue presented is *Evans v. Bach-*

*man* (1979), 78 Ill. App. 3d 1107, 398 N.E.2d 114, which Rush relied on in the trial court. In *Evans*, plaintiff argued section 2—402 was applicable to hospitals. On appeal, the court summarily stated, "The respondent in discovery statute 'is available only against individuals' and is, therefore, inapplicable to the instant action," citing the historical and practice notes of Smith-Hurd Illinois Annotated Statues as authority. (*Evans v. Bachman* (1979), 78 Ill. App. 3d 1107, 1112, 398 N.E.2d 114, citing Ill. Ann. Stat., ch. 110, par. 21.1, Historical and Practice Notes, at 68 (Smith-Hurd Supp. 1979).) The *Evans* holding was criticized in subsequent historical and practice notes because "[n]o reason in principal [*sic*] can be discovered for this limitation." (Ill. Ann. Stat., ch. 110, par. 2—402, Historical and Practice Notes, at 342 (Smith-Hurd 1983).) The *Evans* opinion merely relied on a comment in the historical and practice notes which has been revised and now supports the position that a hospital can be named as a respondent in discovery. We believe *Evans* is not controlling to the issue presented because it did not analyze the language or legislative intent of the statute.

The respondent in discovery statute provides:

"Sec. 2—402. Medical malpractice respondents in discovery. The plaintiff in any action based on an allegation of negligence in the performance of health care services may designate as respondents in discovery in his or her pleading those *individuals*, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

*Persons* so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.

A *person* named a respondent in discovery may upon his or her own motion be made a defendant in the action, in which case the provisions of this Section are no longer applicable to that *person*.

A copy of the complaint shall be served on each *person* named as a respondent in discovery.
　　　***

A *person* named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may other-

wise be initiated against him or her may have expired during such 6 month period." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 2—402.

■ Section 2—402 generally refers to respondents in discovery as persons but once refers to them as individuals. Plaintiff relies on the use of the term "person" in the section and argues that it includes hospitals, citing the definition for "persons" under the Statutory Construction Act: " 'Person' or 'persons' as well as all words referring to or importing persons, may extend and be applied to bodies politic and corporate as well as individuals." (Ill. Rev. Stat. 1985, ch. 1, par. 1006.) Rush, on the other hand, relies on the use of the term "individuals" in the section and argues that it encompasses only natural persons, citing two ancient cases, *Fietsam v. Hay* (1887), 122 Ill. 293, 13 N.E. 501, and *Betts v. Menard* (1831), 1 Ill. 395 (Breese). Additionally, Rush cites the Illinois Insurance Code and the Illinois Health Statistics Act, which both define the term individual as "any natural person." (Ill. Rev. Stat. 1985, ch. 73, par. 1065.703(J) (repealed by Pub. Act 81—999, §4.4, and Pub. Act 83—230, §4, repeal effective Dec. 31, 1989); Ill. Rev. Stat. 1985, ch. 111½, par. 5602(e).) We believe the use of both terms, individual and person, in section 2—402 creates an ambiguity as to whether the section applies exclusively to natural persons or whether the section also applies to hospitals.

■ The cardinal rule in statutory interpretation is to ascertain and give effect to the legislature's intent. (*Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 504 N.E.2d 84.) The language of the statute is the primary source for ascertaining legislative intent. (*Board of Trustees v. Taylor* (1983), 114 Ill. App. 3d 318, 448 N.E.2d 1171.) Where the statute is capable of two interpretations it is proper to examine sources other than its language to determine intent, such as the legislative history. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 469 N.E.2d 167.) The court may also consider the reason and necessity for the law, the evils sought to be remedied and the purpose to be achieved. *Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 504 N.E.2d 84.

■ Our review of the legislative history of section 2—402 reveals that the question of whether hospitals can be named as respondents in discovery was never specifically addressed in the debates. The purpose of section 2—402 was to decrease the number of parties named as defendants in medical malpractice cases and thereby reduce the insurance costs which resulted from litigation against unnecessary parties. (See *Clark v. Brokaw Hospital* (1984), 126 Ill. App. 3d 779, 467 N.E.2d 652.) The legislature believed the label of "defendant" contrib-

uted to the rising cost of medical malpractice insurance. (79th Ill. Gen. Assem., House Proceedings, June 10, 1976, at 32, 35.) Hospitals have an enormous potential for malpractice liability and are generally the first party named in a suit because the plaintiff was a patient in the hospital at the time negligence occurred. (Klages, *Medical Malpractice Liability from a Hospital's Perspective*, 77 Ill. B.J. 34 (1988)) Accordingly, we believe the purpose of the statute would be carried out by allowing hospitals to be named as respondents in discovery.

■■ ■ Additionally, we are persuaded by plaintiff's argument that the Statutory Construction Act is applicable to the resolution of the issue presented. (Ill. Rev. Stat. 1985, ch. 1, par. 1001 *et seq.*) The Act provides that when construing statutes its provisions shall be observed unless the "construction would be inconsistent with the manifest intent of the General Assembly or repugnant to the context of the statute." (Ill. Rev. Stat. 1985, ch. 1, par. 1001.) Also, terms used in statutes shall be liberally construed to give full effect to the legislature's intent. (Ill. Rev. Stat. 1985, ch. 1, par. 1002.) The Act provides that the term "persons" "may extend and be applied" to corporations. (Ill. Rev. Stat. 1985, ch. 1, par. 1006.) We believe that holding a hospital is a person within the context of section 2—402 is neither inconsistent with the manifest intent of the legislature nor repugnant to the context of the statute. Therefore, a hospital which is a corporation would be included in the use of the term "person" in section 2—402.

From our review of the language of the statute, the legislative history, and the Statutory Construction Act, we believe a hospital can properly be named as a medical malpractice respondent in discovery under section 2—402. The decision of the trial court in dismissing Rush is reversed, and this cause is remanded for a hearing, as required under the section, to determine whether there is probable cause to convert rush to a defendant.

Judgment reversed and remanded.

PINCHAM and MURRAY, JJ., concur.