BETTY JO ARMOUR, Plaintiff-Appellant, v. WALTER PETERSEN, Respondent in Discovery-Appellee.

Fourth District   No. 4—91—0299

Opinion filed September 30, 1991.

Robert I. Auler, of Auler Law Offices, P.C., of Urbana, for appellant.

David A. Bailie, of Thomas, Mamer & Haughey, of Champaign, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

On August 6, 1990, Betty Jo Armour filed a complaint in discovery against respondent in discovery, Dr. Walter Petersen. Armour sought discovery against Dr. Petersen to determine whether he should be named as a defendant "in the above-captioned cause of action." On January 31, 1991, Armour filed a motion to add respondent in discovery, Dr. Petersen, as a defendant. Armour attached a complaint, naming Dr. Petersen as the defendant, to the motion.

The complaint alleged negligence and *res ipsa loquitur*. Armour claimed Dr. Petersen performed surgery on her left wrist on August 9, 1988, and failed to timely remove a Silastic drainage tube from the wrist, causing injury.

Dr. Petersen filed an objection to Armour's motion to add defendant and a motion to dismiss the complaint in discovery. He argued the complaint in discovery was substantially insufficient in law because it failed to name a defendant. He claimed section 2—402 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—402) allows the designation of a respondent in discovery only in the context of an existing lawsuit with a named defendant. Armour's failure to name a defendant rendered the pleading legally insufficient under section 2—615 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) and left the circuit court without subject-matter jurisdiction under section 2—619 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). Dr. Petersen claimed the proceedings were a nullity.

The motion to dismiss the complaint, which was filed with the motion to add defendant, alleged the two-year statute of limitations applicable to medical negligence suits (Ill. Rev. Stat. 1989, ch. 110, par. 13—212) had expired before the motion to add defendant was filed.

On March 27, 1991, the Champaign County circuit court concluded it lacked subject-matter jurisdiction and granted the motions to dismiss pursuant to sections 2—615 and 2—619 of the Code. Armour appeals from this order. We affirm.

■ Section 2—402 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—402) states, in pertinent part:

"The plaintiff in any civil *action* may designate as respondents in discovery in his or her pleading those individuals or other entities, *other than the named defendants*, believed by the plaintiff to have information essential to the determination of who should properly be named as *additional defendants* in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be *added as defendants* ***." (Emphasis added.)

■ This court addressed this same issue in *Gonzales v. Pro Ambulance Service* (1991), 219 Ill. App. 3d 284, and held section 2—402 clearly requires the naming of a defendant. Respondents in discovery may then be designated in addition to the named defendants. The Fifth District Appellate Court recently considered this issue and also concluded section 2—402 "clearly contemplates the existence of a

named defendant." *Jacobs v. Abbott Laboratories* (1991), 213 Ill. App. 3d 998, 1001, 572 N.E.2d 1231, 1233.

Armour's failure to name a defendant in her complaint for discovery deprived the circuit court of subject-matter jurisdiction. The motion to add Petersen as a defendant was filed after the statute of limitations had run. The court properly granted the motions to dismiss. The order of the circuit court is affirmed.

Affirmed.

LUND, P.J., and STEIGMANN, J., concur.