JULIE GONZALES, Plaintiff-Appellant, v. PRO AMBULANCE SERVICE *et al.*, Respondents in Discovery-Appellees.

Fourth District   No. 4—91—0180

Opinion filed September 30, 1991.

Robert I. Auler, of Auler Law Offices, P.C., of Urbana, for appellant.

Michael R. Cornyn and David A. Bailie, both of Thomas, Mamer & Haughey, of Champaign, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

On November 28, 1990, plaintiff Gonzales filed a document labeled complaint in discovery against persons and entities described as respondents: Pro Ambulance Service, John W. Wood, Mark Griffith, and Mercy Hospital. Gonzales sought discovery against each respondent, to determine whether each should be named as a defendant "in the

above-captioned cause of action." Gonzales also propounded interrogatories to the same parties.

On January 22, 1991, the respondents filed a motion to quash the interrogatories propounded and dismiss the complaint in discovery, "on the grounds that the Complaint is substantially insufficient in law." Respondents also claimed a lack of subject-matter jurisdiction pursuant to section 2—619(a)(1) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(1)).

Respondents argued the complaint in discovery was legally insufficient because it failed to name a defendant. They argued section 2—402 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—402) allows the designation of respondents in discovery only in the context of an existing lawsuit with a named defendant. Plaintiff's failure to name a defendant rendered the pleading legally insufficient under section 2—615(a) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—615(a)) and left the circuit court without subject-matter jurisdiction under section 2—619(a)(1) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(1)). Respondents claimed the proceedings were a nullity.

On February 6, 1991, the Champaign County circuit court concluded it did not have subject-matter jurisdiction.

"The 'Complaint in Discovery' here is not an action or suit against anyone; does not raise a controversy; is not seeking redress, remedy, or relief; is not praying for a judgment or decree. It does not initiate a justiciable controversy. It does not contain justiciable issues. If there is any semblance of jurisdiction a basis for it must be found in the language of the statute. The court does not find it."

Gonzales appeals from the circuit court's order dismissing her complaint in discovery. We affirm.

■ Section 2—402 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—402) states, in pertinent part:

"The plaintiff in any civil *action* may designate as respondents in discovery in his or her pleading those individuals or other entities, *other than the named defendants*, believed by the plaintiff to have information essential to the determination of who should properly be named as *additional defendants* in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be *added as defendants* ***." (Emphasis added.)

On appeal, the plaintiff maintains the purpose of section 2—402 is to allow the filing of a complaint in discovery before naming defendants in the lawsuit. She relies on the historical and practice notes accompanying section 2—402 of the Code as support for the argument; these historical and practice notes state, in part: "The procedure *** is designed to reduce the number of individuals actually made defendants in such actions by giving the plaintiff a mechanism for conducting efficient and effective discovery concerning a malpractice claim before he has to make a decision on whom to sue." Ill. Ann. Stat., ch. 110, par. 2—402, Historical and Practice Notes, at 342 (Smith-Hurd 1983).

The wording of the statute, however, clearly indicates respondents in discovery may be included in a complaint which already names one or more defendants. The cases plaintiff cites support this interpretation. In *Murphy v. Giardina* (1980), 82 Ill. 2d 529, 413 N.E.2d 399, the plaintiff sued Giardina alleging medical malpractice. The plaintiff subsequently filed a first-amended complaint naming Giardina as the defendant and Vento, Cortis, and St. Anne's Hospital as respondents in discovery. The respondents moved to dismiss the amended complaint alleging section 2—402 (formerly Ill. Rev. Stat., 1976 Supp., ch. 110, par. 21.1) applied prospectively only and was unconstitutional. The trial court held the statute invalid. The supreme court concluded the statute was inapplicable because it had prospective effect only. Thus, as to the first-amended complaint, the court stated:

> "[It] did not constitute a complaint at law; it was simply a discovery device. It did not charge the respondents with actionable conduct or seek damages from them. As plaintiff admits in his brief, the respondents were named for the purpose of obtaining ' "information essential to the determination of who should properly be named as *additional Defendants* in this action" and as relief sought "prompt response to all discovery sought," without asserting allegations of negligence, or of damages proximately caused by the conduct of the individual Respondents In Discovery ***.' " (Emphasis added.) (*Murphy*, 82 Ill. 2d at 533, 413 N.E.2d at 401.)

Because both complaints therein named Giardina as the defendant, *Murphy* is distinguishable from the complaint filed by Gonzales in this case. We interpret the supreme court's opinion to mean the first-amended complaint in *Murphy* was a discovery device only as to the respondents in discovery. The complaint was a legally sufficient complaint at law as to Giardina, the named defendant. An extension of this reasoning leads to the conclusion that a complaint naming only

respondents in discovery is not a complaint at law, as it does not charge actionable conduct or seek damages.

The plaintiff also cites *Hugley v. Alcaraz* (1986), 144 Ill. App. 3d 726, 494 N.E.2d 706. There, the plaintiff filed a medical malpractice action on February 6, 1981, naming Ilagan, Angulo, and Alcaraz as respondents in discovery. She obtained service of summons on Ilagan and Angulo but not Alcaraz. Ilagan and Angulo moved for dismissal from plaintiff's suit because she failed to comply with section 2—402 when she failed to name them as defendants within six months of naming them as respondents in discovery. The court granted the motions to dismiss. The plaintiff voluntarily dismissed the action on December 9, 1983. On February 4, 1984, she refiled the suit naming Alcaraz as defendant. Alcaraz moved to dismiss for failure to comply with the applicable statute of limitations. The trial court denied the motion and Alcaraz appealed.

The appellate court concluded the naming of Alcaraz as a respondent in discovery did not toll the statute of limitations and, thus, the plaintiff was barred from filing a suit naming him as a defendant, as the limitations period had expired. In *dicta*, the court stated:

> "An action filed pursuant to the provisions of section 2—402 is a special statutory action if an action at all. It creates a procedural right to name a party as a respondent in discovery for the purpose of discovery against whom one may or may not have a cause of action. It opens the door to a substantive right of broad discovery unknown to the common law by which time is made an inherent element of the right." (*Hugley*, 144 Ill. App. 3d at 734, 494 N.E.2d at 710.)

These statements are merely descriptions of section 2—402 and its function and purpose. The statutory language, however, clearly requires the plaintiff name a defendant: "plaintiff *** may designate as respondents in discovery *** those individuals *** other than the named defendants." (Ill. Rev. Stat. 1989, ch. 110, par. 2—402.) This court's earlier interpretation of the legislative history of section 2—402 does not contradict our conclusion in this case.

In *Clark v. Brokaw Hospital* (1984), 126 Ill. App. 3d 779, 467 N.E.2d 652, this court determined:

> "The legislative history of section 2—402 indicates that its purpose was to provide plaintiff's attorneys with a means of filing medical malpractice suits without naming everyone in sight as a defendant. It was believed that the label of 'defendant' in a medical malpractice suit contributed to the spiraling cost of medical malpractice insurance. See transcript of proceedings,

House of Representatives, June 10, 1976, at 32-33." (*Clark*, 126 Ill. App. 3d at 783, 467 N.E.2d at 655.)

Although the statute does not require "naming everyone in sight as a defendant," it clearly requires naming at least one party as a defendant.

The Third District Appellate Court, in *dicta*, reached the same conclusion. In *Guertin v. Guertin* (1990), 204 Ill. App. 3d 527, 561 N.E.2d 1339, the relief sought was an equitable bill of discovery. The plaintiff wanted to depose one of the decedent's siblings before filing a complaint, to determine if the sibling influenced the decedent in naming another sibling and his spouse as joint tenants in a certificate of deposit. The appellate court disagreed with the plaintiff's assertion that section 2—402 is a codification of the common law equitable bill of discovery. "By the very clear language of section 2—402 *** it is contemplated that a complaint has been filed with at least one named defendant before a party may employ section 2—402." *Guertin*, 204 Ill. App. 3d at 531, 561 N.E.2d at 1342.

The Fifth District Appellate Court recently considered this issue and also concluded section 2—402 "clearly contemplates the existence of a named defendant." *Jacobs v. Abbott Laboratories* (1991), 213 Ill. App. 3d 998, 1001, 572 N.E.2d 1231, 1233.

■ The Champaign County circuit court properly concluded it lacked subject-matter jurisdiction because Gonzales' complaint failed to name a defendant. Plaintiff failed to meet the clear requirements of section 2—402, which specify a respondent in discovery may be designated *in addition to* a named defendant. The judgment of the Champaign County circuit court is affirmed.

Affirmed.

LUND, P.J., and STEIGMANN, J., concur.