TIMOTHY SHUTES, Petitioner-Appellee, v. GENE FOWLER, Indiv. and Gene Fowler, d/b/a Sentry Design and Construction, Respondent (Michael R. Cornyn, Appellant).

Fourth District   No. 4—91—0383

Opinion filed December 19, 1991.

Michael R. Cornyn, of Thomas, Mamer & Haughey, of Champaign, appellant *pro se*.

Michael C. Upperman, of Gunn & Hickman, P.C., of Danville, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

The issue is whether Supreme Court Rule 224 (134 Ill. 2d R. 224) is constitutional. We conclude it is.

On January 30, 1991, Timothy Shutes filed a petition for discovery pursuant to Supreme Court Rule 224. The petition alleged Gene Fowler owned Sentry Design and Construction and employed Shutes. During the course of his employment, Shutes sustained bodily injuries on February 19, 1990, while working on a project in Orlando, Florida. Other construction companies were involved at the site and, according to the petition, were possibly responsible for Shutes' injuries. The identities of these companies were unknown to Shutes and thus he sought discovery from Fowler to determine their identities.

Fowler filed a motion to dismiss pursuant to section 2—619(a)(1) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(1)). The motion alleged the court was without jurisdiction because there was no case or controversy. No lawsuit had been filed in Illinois or Florida. Apparently no suit has since been filed. Fowler's motion asserted Rule 224 is void because (1) the supreme court lacked authority to promulgate it, (2) it confers jurisdiction when there is no case or controversy, and (3) it violates his due process rights because it is vague, ambiguous, and violative of his rights of privacy, liberty and property.

In March 1991, the circuit court rejected Fowler's arguments and ordered compliance with discovery pursuant to Rule 224. Fowler's attorney, Michael R. Cornyn, refused to comply with the discovery order. In May 1991, the circuit court found him in civil contempt. He appeals, arguing Rule 224 is unconstitutional and conferred no jurisdiction on the circuit court.

■■ Rule 224 states, in pertinent part:

"(i) A person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for such discovery.

(ii) The action for discovery shall be initiated by the filing of a verified petition in the circuit court of the county in which the action or proceeding might be brought or in which one or more of the persons or entities from whom discovery is sought resides. The petition shall be brought in the name of the petitioner and shall name as respondents the persons or entities from whom discovery is sought and shall set forth: (A) the reason the proposed discovery is necessary and (B) the nature of the discovery sought and shall ask for an order authorizing the petitioner to obtain such discovery. The order allowing the petition will limit discovery to the identification of responsible persons and entities and where a deposition is sought will specify the name and address of each person to be examined, if known, or, if unknown, information sufficient to identify each person and the time and place of the deposition." 134 Ill. 2d R. 224(a)(1).

Cornyn argues only the Illinois Constitution and legislative enactments can confer jurisdiction on the courts. The Illinois Constitution limits the jurisdiction of the circuit courts to "justiciable matters." (Ill. Const. 1970, art. VI, §9.) He contends because a Rule 224 petition presents no case or controversy and seeks no remedy or redress, it does not raise a justiciable matter and the court is without subject-matter jurisdiction.

■ According to Cornyn, the legislature has not enacted a statute permitting discovery prior to the filing of a lawsuit, even though section 2—402 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—402) permits actions against respondents in discovery. This interpretation of section 2—402 conforms with our decisions in *Gonzales v. Pro Ambulance Service* (1991), 219 Ill. App. 3d 284, 579 N.E.2d 1184, and *Armour v. Petersen* (1991), 219 Ill. App. 3d 289, 579 N.E.2d 1188. In *Gonzales* we held section 2—402 clearly states a respondent in discovery may be designated only in addition to a named defendant. (*Gonzales*, 219 Ill. App. 3d at 286, 579 N.E.2d at 1186.) "[A] complaint naming only respondents in discovery is not a complaint at law, as it does not charge actionable conduct or seek damages." (*Gonzales*, 219 Ill. App. 3d at 286-87, 579 N.E.2d at 1186.) The decisions in *Gonzales* and *Armour* were based solely on the language of section 2—402, which allows the designation of respondents in discovery "other than the named defendants." (Ill. Rev. Stat. 1989, ch. 110, par. 2—402.) We note the Fifth District Appellate Court reached a similar conclusion in *Jacobs v. Abbott Laboratories* (1991), 213 Ill. App. 3d 998, 572 N.E.2d 1231.

▮▮ The common law also fails to provide a basis for Rule 224.

"At common law, the courts had no power to require a party to an action to answer interrogatories. The equitable bill of discovery was used to enable a plaintiff to obtain information and prepare his cause for trial on the ultimate issues. (16 Ill. L. & Prac. *Discovery* §2 (1971).) These bills were made ancillary to *already pending claims* for substantive legal or equitable relief." (Emphasis added.) *Guertin v. Guertin* (1990), 204 Ill. App. 3d 527, 529, 561 N.E.2d 1339, 1341.

Thus Cornyn asks, "If section 2—402 of the Code of Civil Procedure does not confer upon the Court jurisdiction to proceed for purposes of discovery only and if there is no Constitutional or common law basis to proceed, where is the basis of jurisdiction?"

▮▮ We conclude the Rule 224 petition became a justiciable matter when the supreme court determined that, under its rule-making authority, a litigant can file for discovery to learn the identities of potential parties before filing a lawsuit. This is analogous to the creation of a "justiciable matter" by the legislature when it enacts a statute having no counterpart in common law or equity. *Skilling v. Skilling* (1982), 104 Ill. App. 3d 213, 432 N.E.2d 881.

Contrary to Cornyn's assertions, the court did have authority to adopt Rule 224. Section 1—104 of the Code, for example, provides, in pertinent part:

"(a) The Supreme Court of this State has power to make rules of pleading, practice and procedure for the circuit, Appellate and Supreme Courts supplementary to, but not inconsistent with the provisions of this Act, and to amend the same, for the purpose of making this Act effective for the convenient administration of justice, and otherwise simplifying judicial procedure * * *." (Ill. Rev. Stat. 1989, ch. 110, par. 1—104(a).)

The supreme court has held "[t]he Illinois Constitution clearly empowers this court to promulgate procedural rules to facilitate the judiciary in the discharge of its constitutional duties." *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 281, 492 N.E.2d 1322, 1326.

▮▮ Appellant next argues Rule 224 raises "basic and significant due process concerns." Briefly summarized, he asserts Rule 224 is so vague it will be abused, *i.e.*, used to engage in "fishing expeditions." As Shutes points out, however, any action has potential for misuse by the unscrupulous. Discovery under Rule 224 is limited to ascertaining the identities of potential defendants. The

petition seeking discovery must be verified and be served 14 days before the hearing, at which the court determines whether to issue a discovery order. Once the order is entered, the petitioner bears the reasonable expenses of compliance.

The rule requires a hearing on the petition for discovery and thus involves the trial court in the process. The trial court must issue an order for discovery before discovery can occur. This involvement of the circuit court protects against abuses of the discovery process. We have faith in the abilities of the trial judges of this State to recognize and refuse to permit "fishing expeditions" and other abuses, even without written guidelines.

The clear and specific requirements of Rule 224 lead us to conclude the rule is not unconstitutionally vague or overbroad. Instead, the rule supplements section 2—402 of the Code and works to streamline the court process.

As for the concern that the rule requires a respondent to give his time, property and right of privacy without just compensation or basis to defend himself, we note all discovery requires the respondent give up something. Rule 224 is far less burdensome and intrusive than even section 2—402.

Rule 224 is constitutional and confers subject-matter jurisdiction on the circuit court. The public policy of the State supports the rule's validity and its continued use. The Vermilion County circuit court properly considered Shutes' petition for discovery, ordered discovery, and held Cornyn in contempt for his refusal to comply with the order. The order of the circuit court is affirmed.

Affirmed.

McCULLOUGH and LUND, JJ., concur.