TIMOTHY NEUFVILLE, Plaintiff-Appellant, v. MERLE DIAMOND *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—92—3950

Opinion filed July 29, 1994.

Lane & Lane, of Chicago (Stephen I. Lane, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Kathy P. Fox and James G. Bonebrake, of counsel), for appellees.

JUSTICE COUSINS delivered the opinion of the court:

Timothy Neufville (plaintiff) filed an original complaint naming John Doe, M.D., as a defendant and Merle Diamond, M.D., and St. Francis Hospital as respondents in discovery pursuant to section 2—402 of the Code of Civil Procedure (735 ILCS 5/2—402 (West 1992)) (section 2—402 or respondent in discovery statute). Plaintiff later moved to amend his complaint and convert the respondents in discovery to defendants.

Defendant Merle Diamond, M.D., moved to dismiss plaintiff's amended complaint pursuant to section 2—619(a)(1) (735 ILCS 5/2—619(a)(1) (West 1992)) (section 2—619(a)(1)) for lack of subject matter jurisdiction. The trial court granted defendant Diamond's request and plaintiff appealed. The issues presented for review are (1) whether the trial court properly dismissed plaintiff's case for lack of subject matter jurisdiction and properly ruled that section 2—402 requires the naming of a real person or entity and (2) whether the trial court acted properly by retroactively applying the case law.

We affirm.

BACKGROUND

Plaintiff filed his original complaint on March 19, 1991. Count I alleged a claim against a fictitious "John Doe, M.D.," for injuries resulting from "John Doe, M.D.'s" negligent treatment of plaintiff for back pain and paresthesia. Plaintiff requested money damages. No summons was ever served on "John Doe, M.D.," nor was such a summons sought.

Count II set forth allegations against respondents in discovery, including defendants Dr. Diamond and St. Francis Hospital, but stated no allegations of negligence or injuries caused by negligence. Count II did not request money damages.

On September 9, 1991, plaintiff moved for leave to file an amended complaint to convert the respondents in discovery to defendant status pursuant to the provisions of section 2—402. On October 9, 1991, plaintiff filed his first amended complaint naming real defendants for the first time and for the first time making substantive allegations of negligence.

The trial court granted plaintiff leave to convert Dr. Diamond and St. Francis Hospital from respondents in discovery to defendants.

Dr. Diamond and St. Francis Hospital (defendants) moved for dismissal of plaintiff's action pursuant to section 2—619(a)(1), contending

that, as plaintiff merely named a "Doe" defendant, he failed to comply with the requisites of section 2—402 and, thus, the trial court never acquired subject matter jurisdiction.

The trial court granted defendants' motion and dismissed plaintiff's first amended complaint for lack of subject matter jurisdiction, ruling:

"I read this complaint; and applying the law that's been set down under Theodorokakis [sic] as a justification for bringing John Doe lawsuits, the Court has taken the position that it does not have any jurisdiction *** and applying Gorten [sic] Gonzales, Armour and Jacobs, I can't say that the statement of one legislator to another actually shows a legislative intent to allow the John Doe lawsuit to be brought."

The court further stated:

"The protections of the statute were not intended for a single defendant case; they were intended for a non-wide-range complaint naming multiple people who may or may not have something to do with the cause of action."

Plaintiff appealed after the trial court denied his motion for reconsideration.

OPINION

I

Plaintiff contends that the trial court improperly dismissed his case by ruling that it lacked subject matter jurisdiction and by also ruling that the respondent in discovery statute required the naming of a real person or entity as a defendant. We disagree.

Section 2—402 provides, in pertinent part:

"The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, *other than the named defendants*, believed by the plaintiff to have information essential to the determination of who should properly be named as *additional defendants* in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.

* * *

A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may

otherwise be initiated against him or her may have expired during such 6 month period." (Emphasis added.) 735 ILCS 5/2—402 (West 1992).

Whether section 2—402 clearly requires the naming of a defendant has been addressed in numerous cases. All of the following cases hold that the language of section 2—402 contemplates the existence of a named defendant: *Roe v. Little Co. of Mary Hospital* (N.D. Ill. 1992), 815 F. Supp. 244, 246; *Armour v. Petersen* (1991), 219 Ill. App. 3d 289, 290-91, 579 N.E.2d 1188; *Gonzales v. Pro Ambulance Service* (1991), 219 Ill. App. 3d 284, 288, 579 N.E.2d 1184; *Jacobs v. Abbott Laboratories* (1991), 213 Ill. App. 3d 998, 1000-01, 572 N.E.2d 1231. We find *Roe, Armour,* and *Jacobs* apposite to the case *sub judice.*

The naming of a legally nonexistent party renders an action void *ab initio (Theodorakakis v. Kogut* (1990), 194 Ill. App. 3d 586, 589, 551 N.E.2d 261), for Illinois does not allow suits against unknown persons. *Hailey v. Interstate Machinery Co.* (1984), 121 Ill. App. 3d 237, 238, 459 N.E.2d 346.

We note that plaintiff posits that *Whitley v. Lutheran Hospital* (1979), 73 Ill. App. 3d 763, 766, 392 N.E.2d 729, is apposite to this case. We disagree. The court, in *Whitley,* held that jurisdiction over a doctor could be obtained by service of complaint naming the doctor as a respondent in discovery. *Whitley* is inapposite because, in that case, subject matter jurisdiction was not at issue and was not decided. *Whitley* only decided the process by which a court acquired *in personam* jurisdiction. Therefore, plaintiff's reliance on *Whitley* is misplaced.

More analogous is the third district court's ruling in *Guertin v. Guertin* (1990), 204 Ill. App. 3d 527, 561 N.E.2d 1339. There, the court stated that by virtue of the clear language of section 2—402, it was contemplated that a complaint should be filed with at least one named defendant before a party could employ section 2—402. *Guertin,* 204 Ill. App. 3d at 531.

In *Guertin,* Peter Guertin and Jeanette Wheeler (Peter and Jeanette or plaintiffs) filed an unverified equitable bill of discovery in order to depose a family member (Hazel) and a bank to aid in possible claims. They speculated that Hazel and her deceased husband had exercised undue influence over a deceased family member (Wilfred) while he was alive because Wilfred made Hazel and her deceased husband joint tenants with him on three certificates of deposit. *Guertin,* 204 Ill. App. 3d at 528.

Hazel moved to dismiss the petition citing that the court lacked subject matter jurisdiction because the plaintiffs' petition was to seek

discovery to determine whether a cause of action existed against a known defendant. The trial court denied this motion. Hazel then moved for an order authorizing an interlocutory appeal. The trial court denied that motion. Hazel then moved the appellate court for leave to appeal in order to avoid being held in contempt. *Guertin*, 204 Ill. App. 3d at 528.

Peter and Jeanette filed a motion to dismiss the appeal and a motion to impose sanctions pursuant to section 2—611 of the Illinois Code of Civil Procedure. Both motions were allowed and the cause remanded to the trial court. Peter and Jeanette set Hazel's deposition. Hazel did not appear and the trial court held her to be in civil contempt. Hazel appealed requesting the *Guertin* court to vacate the trial court's order.

The *Guertin* court stated that the trial court's action was void *ab initio* because the underlying action was outside of the trial court's jurisdiction. Thus, the *Guertin* court vacated Hazel's contempt citation. In holding that the trial court lacked jurisdiction to grant appellees' (plaintiffs') motion, the appellate court addressed the section 2—402 issue. According to the *Guertin* court, plaintiffs had alleged that section 2—402 was a codification of the common law equitable bill of discovery and that their motion fell within the purview of section 2—402. The *Guertin* court disagreed:

> "By the very clear language of section 2—402 (see italics in the statute) it is contemplated that a complaint has to be filed with at least one *named* defendant before a party may employ section 2—402." (Emphasis added.) *Guertin*, 204 Ill. App. 3d at 531.

Guertin was decided 11 years after *Whitley* and other courts have since followed *Guertin* in this respect. See *Armour*, 219 Ill. App. 3d at 290-91; *Gonzales*, 219 Ill. App. 3d at 286-87; *Jacobs*, 213 Ill. App. 3d at 1000-01.

In the case *sub judice*, plaintiff, in his original complaint, named a fictitious defendant and defendants as respondents in discovery. The trial court properly dismissed plaintiff's action for lack of subject matter jurisdiction because plaintiff failed to name a real party in interest.

After the 1991 appellate court decisions in *Roe, Armour,* and *Gonzales*, further legislation was introduced in the Illinois General Assembly in 1993 which would have provided that a fictitious person could be named along with respondents in discovery pursuant to section 2—402. (See 88th Ill. Gen. Assem., Senate Bill 18, 1993 Sess.; 88th Ill. Gen. Assem., House Bill 1369, 1993 Sess.) Both proposed bills read as follows:

"735 ILCS 5/2—402
from Ch. 110, par. 2—402
    Amends the Code of Civil Procedure to allow a person to commence a civil action by filing a pleading against a fictitious person or entity and naming an actual person or entity as a respondent in discovery. Applies to civil actions filed on or after September 1, 1989."

We have examined the legislative history of both of these bills; neither bill was enacted.

We are mindful of our sixth division's disposition of *Bogseth v. Emanuel* (1994), 261 Ill. App. 3d 685. In *Bogseth*, the respondents in discovery, who ultimately became the defendants, filed a motion to dismiss pursuant to section 2—619 contending that the complaint was a nullity because it failed to name an actual defendant. The trial court heard oral argument and denied the defendants' request. The sixth division affirmed on appeal. The facts and issues in *Bogseth* and the case *sub judice* are apposite.

However, we consider *Bogseth* to be inconsistent with earlier appellate court holdings in *Roe, Armour, Gonzales,* and *Theodorakakis.* In our opinion, *Bogseth* misstates the law.

We disagree with the language in *Bogseth* that there are two differing, "reasonable interpretations" regarding the meaning of "named defendant." We find one interpretation of section 2—402: a plaintiff is required to name at least one identifiable health care provider as a defendant.

The *Bogseth* court stated:
    "We find nothing in the language of section 2—402 which suggests that the legislature intended to limit 'named defendants' solely to identifiable health care providers. Because nothing in the statute's language precludes an action against a fictitious defendant, it is appropriate for us to examine sources other than the language for evidence of the legislature's intent." *Bogseth*, 261 Ill. App. 3d at 689.

Relative to this language from the opinion, while we do not disagree that the legislative history and policies may be examined to determine legislative intent, we find the statute's language to be unambiguous and disagree that other sources should be examined just because the legislation does not specifically preclude action against a fictitious defendant. Since actions against fictitious defendants are in derogation of the common law, jurisdiction to sue fictitious persons must be obtained pursuant to some express statute. (*Hailey*, 121 Ill. App. 3d at 238.) Section 2—402 is not a statute which expressly allows actions against fictitious persons. The language of section 2—402 expressly provides for "named defendants."

■ The words of section 2—402 are clear and unambiguous. The legislature has expressly provided that: "[t]he plaintiff *** may designate as respondents in discovery *** those individuals *** *other than the named defendants,* *** believed by the plaintiff to have information essential to the determination of who should properly be named as *additional defendants* in the action." (735 ILCS 5/2—402 (West 1992).) Thus, no reason exists to examine sources other than the language of section 2—402 for evidence of the legislature's intent. See *Rushton v. O'Malley* (1980), 89 Ill. App. 3d 103, 104-05, 411 N.E.2d 528.

Moreover, even assuming, *arguendo,* that other sources may be considered to determine the legislative intent, a consideration of the legislative history regarding section 2—402 further establishes that *Bogseth* misconstrues the legislative intent. The history of section 2—402 establishes that the legislature refused to enact legislation which was drawn to authorize "a civil action by filing a pleading against a fictitious person." See 88th Ill. Gen. Assem., Senate Bill 18, 1993 Sess.; 88th Ill. Gen. Assem., House Bill 1369, 1993 Sess.

Finally, jurisdiction to sue fictitious persons is vested solely within the province of the legislature and not the judiciary. See *Hailey,* 121 Ill. App. 3d at 238.

For the foregoing reasons, we hold that the trial court properly dismissed plaintiff's complaint for lack of subject matter jurisdiction. The trial court also properly ruled that the respondent in discovery statute contemplated the naming of a real party or entity as a defendant.

## II

■ Plaintiff next posits that the trial court erred by retroactively applying case law which required dismissal of his complaint for lack of subject matter jurisdiction. We disagree.

Prospective-only application of a decision is the exception rather than the rule. (*Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 329, 547 N.E.2d 437.) The Illinois Supreme Court has inherent authority to apply a decision prospectively, but its authority extends to limited situations where equity demands it:

"In determining whether to apply a decision in a civil case only prospectively, this court has relied on three factors: first, the non-retroactive decision must establish a new rule of law by either overruling past precedent on which litigants have relied or by deciding an issue of first impression where the resolution was not clearly foreseen; second, we balance both sides of the issue in question by looking to the rule's prior history, purpose, and effect

and then determine if retroactive operation will advance or hamper its operation; and third, we equitably consider whether there is any injustice or hardship in holding the decision retroactive." *Castaneda* 132 Ill. 2d at 329.

Plaintiff asks this court to prospectively apply *Gonzalez, Armour,* and *Jacobs.* However, no new rule of law will be created, the rule has prior history and a retroactive application will clarify the rule's operation, and no injustice or hardship exists in retroactively applying the decision. Moreover, when plaintiff filed his action, *Theodorakakis* and *Hailey* merely restated Illinois' longstanding prohibition against "Doe" lawsuits. Thus, we stress that no new rule of law was created with *Gonzales, Armour,* or *Jacobs.*

Also, a decision which construes a statute for the first time should be applied retroactively even if it does establish new rights or obligations. See *Rothe v. Maloney Cadillac, Inc.* (1988), 119 Ill. 2d 288, 295, 518 N.E.2d 1028.

Accordingly, the trial court's dismissal of plaintiff's suit was proper.

Judgment affirmed.

GORDON and McNULTY, JJ., concur.