(No. 77280.
(No. 77855.

ROSALIE BOGSETH, as Next Friend of Larry Bogseth, Jr., a Minor, Appellee, v. DR. B. EMANUEL *et al.*, Appellants.—TIMOTHY NEUFVILLE, Appellant, v. MERLE DIAMOND, M.D., *et al.* (Merle Diamond, M.D., Appellee).

*Opinion filed June 22, 1995.—Rehearing denied October 2, 1995.*

MILLER, J., concurring in part and dissenting in part.

Mark C. Fedota, Stephen C. Prout and Timothy J. Mahoney, of Brinton & Fedota, of Chicago, for appellants B. Emanuel and R. Nachman.

Lawrence M. Lulich, of Aries & Purmal, of Chicago, for appellants Edgewater Medical Center & M. Simken.

William J. Sneckenberg, of Chicago, and Marshall P. Whalley, of Merrillville, Indiana, for appellee.

Saul J. Morse and Robert John Kane, of Springfield, for *amicus curiae* Illinois State Medical Society.

Stephen I. Lane, of Lane & Lane, of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Kathy P. Fox and James G. Bonebrake, of counsel), for appellee.

David A. Decker, Dennis A. Rendleman and Athena T. Taite, of Springfield, for *amicus curiae* Illinois State Bar Association.

Saul J. Morse and Robert John Kane, of Springfield, for *amicus curiae* Illinois State Medical Society.

James T. Newman, of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE HEIPLE delivered the opinion of the court:

In these consolidated appeals, we are asked to determine whether a fictitious "John Doe" may properly be considered a "named defendant" under section 2—402 of the Code of Civil Procedure (735 ILCS 5/2—402 (West 1992)), the respondent in discovery statute.

## BACKGROUND

### No. 77280

Rosalie Bogseth, on behalf of her minor son, Joseph A. Bogseth, filed a complaint naming as the sole defendant a fictitious individual called "John Doe" and 28 other parties as respondents in discovery. The complaint alleged that, after Joseph's birth, he suffered respiratory distress which the respondents in discovery cared for or should have cared for, and that, as a result of the respiratory distress, Joseph suffered permanent neurological problems. After conducting discovery, plaintiff sought to convert four respondents in discovery to defendants. These respondents then filed a motion to dismiss the complaint pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)), contending that the original complaint was a nullity, because it only named a "John Doe" defendant. Following oral argument, the trial judge, Judge Casciato, denied the respondents' motion to dismiss.

In *Bogseth*, 261 Ill. App. 3d 685, the first district of the appellate court, sixth division, affirmed the trial court's denial of the motion to dismiss. It found that nothing in the statute's language precluded an action against a fictitious defendant. After examining the legislative history of section 2—402, the *Bogseth* court concluded that the legislature intended to permit plaintiffs, at least in some circumstances, to name a "John Doe" defendant. *Bogseth*, 261 Ill. App. 3d at 691.

### No. 77855

Timothy Neufville filed a complaint naming as the sole defendant "John Doe, M.D.," and Merle Diamond, M.D., and St. Francis Hospital as respondents in discovery. The complaint alleged that he was injured through the negligent treatment of his back pain and paresthesia. Within the six-month time period allotted

by section 2—402, Neufville converted Dr. Diamond and St. Francis Hospital from their status as respondents in discovery to defendants. After they were converted, Dr. Diamond and St. Francis Hospital moved to dismiss the action pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)), asserting that the trial court never entertained subject matter jurisdiction over the cause because, in bringing the action against "John Doe, M.D.," Neufville did not comply with section 2—402. The trial court judge, Judge Casciato, dismissed the action.

In *Neufville*, 267 Ill. App. 3d 1002, the first district of the appellate court, fifth division, concluded that the trial court properly dismissed plaintiff's action for lack of subject matter jurisdiction because plaintiff failed to name a real party in interest. The *Neufville* court rejected the *Bogseth* court's analysis, concluding that *Bogseth* "misstates the law." *Neufville*, 267 Ill. App. 3d at 1007.

This court granted leave to appeal in No. 77280 (145 Ill. 2d R. 315(a)), received a certificate of importance in No. 77855 (134 Ill. 2d R. 316), and consolidated them for purposes of this opinion.

## ANALYSIS

Section 2—402 provides, in pertinent part:

"§ 2—402. Respondents in discovery. The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the

evidence discloses the existence of probable cause for such action.

\* \* \*

A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period." (735 ILCS 5/2—402 (West 1992).)

Plaintiffs contend that "named defendant" is ambiguous, and since the statute is silent regarding whether a plaintiff may name a "John Doe" defendant, this court must, in analyzing the statute, consider the legislative history and underlying purpose of the legislation.

To support their position, plaintiffs note the following exchange which took place during legislative debate over the bill:

"Leinenweber: 'Representative Beaupre, would it be possible to file a John Doe lawsuit and proceed without having to name any doctor or a medical care provider at all under this Amendment and then proceed for discovery?'

Beaupre: 'I think the way the Amendment is written, that it would.'

Leinenweber: 'I ... Mr. Speaker, very briefly, I would certainly support this Amendment as probably the key Amendment to the entire malpractice package. This ... this Amendment will go a long way for relieving the re ... the possibility that a physician or health care provider would have to name ... have to be named in a lawsuit because of the fact that it would be extremely difficult on the part of the plaintiff to determine the involvement of the particular individual. This, as has been pointed out, would permit discovery proceedings to be taken under oath prior to having to name a person in a lawsuit.' " (Ill. Gen. Assem., House Proceedings, June 10, 1976, at 35.)

This colloquy, contends the plaintiffs, reveals the legislative purpose underlying section 2—402 and the legisla-

ture's express intent that "John Doe" lawsuits be pled under the statute.

We cannot accept plaintiffs' construction of the statute, for, in construing section 2—402, we find it unnecessary to examine its legislative history. While it is true that the primary rule of statutory construction is to ascertain and effectuate the legislature's intent, the language of the statute is considered the primary source from which to infer this intent. If the language of the statute is clear, the court should give effect to it and not look to extrinsic aids for construction. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277.) We agree with the *Neufville* court that the language in section 2—402 is unambiguous: it requires a plaintiff to name a real person or entity as a defendant.

Section 2—402 allows a plaintiff to designate respondents in discovery "other than the named defendants." This phrase presupposes that a plaintiff has commenced an action against an identifiable, real person or entity. If there were any lingering doubt concerning the import of this phrase, one need only look to other language in the statute, where it states that the respondents in discovery may have information relevant to "who should properly be named as additional defendants in the action." Again, the import of this language is clear: it contemplates that a cause of action has been brought against a real person or entity. The statute does not say, for example, "who should properly be named as *a* defendant" in the action.

Plaintiffs argue, however, that there is no justifiable basis for concluding that "named defendant" in section 2—402 necessarily excludes a named, albeit fictional, "John Doe" defendant. We disagree. Illinois courts have historically and uniformly held that suits brought against fictitious parties are void *ab initio*. (See *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Ex-*

*change of the Illinois Automobile Club* (1937), 367 Ill. 44, 54 (holding that "a proceeding by or against a party by a mere fictitious name will be a nullity").) Underlying this prohibition is the tenet that a court only entertains subject matter jurisdiction over justiciable matters—a matter in controversy between an actual plaintiff and an actual defendant.

A statute can confer jurisdiction to sue an unknown or fictitious person. But because they are in derogation of the common law, those statutes which authorize filing suits against fictitious entities must do so explicitly. (See *Hailey v. Interstate Machine Co.* (1984), 121 Ill. App. 3d 237, 238 ("jurisdiction to sue unknown or fictitious persons must be obtained pursuant to some express statute").) Such explicit authority must be established through the language of the statute, not through legislative debate over the statute. Nothing in the language of section 2—402 explicitly authorizes filing suit against fictitious defendants. Thus, since the common law prohibits filing lawsuits against fictitious defendants, and since the statute at issue does not provide clear, affirmative indication that such suits are permissible, we cannot conclude that section 2—402 permits suits to be brought against fictitious persons or entities.

Plaintiffs further argue, however, that this court should not construe a statute in a manner which thwarts the legislative purpose behind a statute. Despite plaintiffs' protestations to the contrary, we feel that our interpretation of section 2—402 fully supports the policies underlying the statute. The legislative history of section 2—402 indicates that its purpose was to provide plaintiffs' attorneys with a means of filing medical malpractice suits without naming everyone in sight as a defendant, for it was believed that the label "defendant" in a medical malpractice suit contributed to the spiraling costs of medical malpractice insurance. See,

*e.g., Perry v. Rush-Presbyterian-St. Luke's Medical Center* (1988), 178 Ill. App. 3d 564, 567-68.

Our interpretation of the statute allows plaintiffs to name as respondents in discovery those persons or entities whose culpability in a medical malpractice action cannot be determined at the time the complaint is filed. However, by disallowing "John Doe" lawsuits, and by requiring that plaintiffs identify at least one real defendant prior to filing their lawsuit, we obligate plaintiffs to diligently investigate their potential claims during the two-year period imposed by the statute of limitations. (See 735 ILCS 5/13—212 (West 1992).) If we were to countenance "John Doe" lawsuits, plaintiffs could, pursuant to section 2—402, obtain a six-month extension of this statutory period simply by filing a complaint against a "John Doe" and a respondent in discovery on the final day of the two-year limitations period.

Lastly, plaintiffs contend that this court should apply this ruling prospectively. Plaintiffs cite *Elg v. Whittington* (1987), 119 Ill. 2d 344, in support of their position. In *Elg*, this court held that whether a ruling will be applied prospectively will depend upon whether the decision to be applied nonretroactively establishes a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. If either of these criteria is met, the question of prospective or retroactive application will be answered by considering whether, given the purpose and prior history of the rule, its operation will be retarded or promoted by prospective or retroactive application and whether prospective application is mandated by a balance of equities. (*Elg*, 119 Ill. 2d at 357.) We agree with the plaintiff that these principles support the prospective application of our decision in this appeal.

The issue presented in this appeal is one of first impression whose resolution was not clearly foreshadowed by prior decisions. No appellate court, prior to the appellate court opinions which formed the basis of the present appeal, had addressed the precise issue before the court—whether "John Doe" may properly be considered a named defendant under section 2—402.

In fact, the history of the two cases presently before the court reveals the reasonableness of the theories advanced by both sides in this appeal. The same trial judge, when presented with nearly identical facts and legal issues, concluded in *Bogseth* that section 2—402 allowed the naming of the John Doe defendant but concluded in *Neufville* that the statute disallowed the same. Moreover, when these rulings were appealed to the first judicial district, one division of the appellate court concluded, in *Bogseth*, that "John Doe" lawsuits were permissible under section 2—402, while another division, in *Neufville*, concluded that they were not.

Defendants contend, however, that the *Bogseth* court, as well as the plaintiffs in the present appeal, ignored the opinions of the third, fourth, and fifth districts of the appellate court, including *Gonzales v. Pro Ambulance Service* (4th Dist. 1991), 219 Ill. App. 3d 284, *Armour v. Petersen* (4th Dist. 1991), 219 Ill. App. 3d 289, *Jacobs v. Abbott Laboratories* (5th Dist. 1991), 213 Ill. App. 3d 998, and *Guertin v. Guertin* (3d Dist. 1990), 204 Ill. App. 3d 527, which explicitly held that section 2—402 requires a defendant to be named. We disagree. *Gonzales, Armour, Jacobs,* and *Guertin* merely addressed whether a plaintiff could proceed under section 2—402 without naming *any* defendant; they did not address whether "John Doe" could properly be considered a named defendant under the statute.

We also find that the latter criterion established by

*Elg* will be met by applying the edict prospectively, *i.e.*, prospective application of this decision both promotes the operation of the rule and is mandated by the balance of equities. It is clear that the legislature did not intend for the statute to be used defensively so as to preclude medical malpractice plaintiffs from having their day in court; rather, it was intended to be used as the plaintiffs, in good faith, intended to use it here: as an innovative reform to help avoid the stigma, costs, and burdens thrust upon individuals being named defendants to litigation unnecessarily.

Moreover, we note that this decision does not subject defendants to unfair surprise, given that they were aware, upon the filing of the complaint, that they could be named defendants in the action. We believe that prospective application will afford both sides full opportunity to present their respective claims and defenses.

We therefore hold that our decision will apply prospectively to all cases in which the notice of appeal was filed or due to be filed on or after our decision in this case was first announced, June 22, 1995.[1]

Accordingly, we affirm the decision of the appellate court in cause No. 77280, *Bogseth v. Emanuel.* We reverse the judgments of the appellate and circuit courts in cause No. 77855, *Neufville v. Diamond,* and remand to the circuit court with directions to reinstate the cause of action.

> *No. 77280—Affirmed.*
> *No. 77855—Reversed and remanded*
> *with directions.*

---

[1]We note that this decision can only apply to those cases filed prior to March 9, 1995. On that date, the General Assembly amended section 2—402 to include the following: "Fictitious defendants may not be named in a complaint in order to designate respondents in discovery." Pub. Act 89—7, eff. March 9, 1995.

518

JUSTICE MILLER, concurring in part and dissenting in part:

I agree with the principal holding in the majority opinion—that at least one actual person or entity must be named a defendant for the respondent in discovery statute, section 2—402 of the Code of Civil Procedure, to apply. (735 ILCS 5/2—402 (West 1992).) I do not agree, however, with the majority's additional determination to make today's decision purely prospective, so that it will govern only cases in which the notice of appeal is filed on or after the date this opinion is announced. (166 Ill. 2d at 517.) Far from being the type of matter in which purely prospective application of a new rule of law is appropriate, the present decision announces no new rule of law and thus raises no retroactivity question at all.

The very arguments marshalled by the majority in support of today's interpretation of section 2—402 are also arguments for the retroactive application of today's result. The majority correctly concludes that the legislative intent may be discerned from the clear terms of section 2—402, without resort to interpretive tools or canons of construction, and that the plain language of the statute requires the result reached here. Because the statutory language is clear, I must disagree with the majority's further conclusion that the present holding should be made purely prospective, so that it applies only to appeals brought after the present opinion is filed. The present consolidated cases satisfy none of the criteria mentioned by the majority in its discussion of the retroactivity question. See *Elg v. Whittington* (1987), 119 Ill. 2d 344, 357.

Although one early appellate court opinion contained *dicta* supporting the construction urged by the plaintiffs (*Whitley v. Lutheran Hospital* (1979), 73 Ill. App. 3d 763), later appellate court opinions have made

clear that section 2—402 requires the naming of at least one defendant (see *Gonzales v. Pro Ambulance Service* (1991), 219 Ill. App. 3d 284; *Armour v. Petersen* (1991), 219 Ill. App. 3d 289; *Jacobs v. Abbott Laboratories* (1991), 213 Ill. App. 3d 998; *Guertin v. Guertin* (1990), 204 Ill. App. 3d 527). Moreover, this court has long prohibited actions against fictitious parties. (*Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club* (1937), 367 Ill. 44, 54.) Accordingly, when *Gonzales*, *Armour*, *Jacobs*, and *Guertin* stated that section 2—402 requires the naming of a defendant, those opinions could not have meant, contrary to the majority's view, that a fictitious defendant would suffice. That result was already prohibited by *Ohio Millers Mutual*, and section 2—402 did not expressly authorize it.

In any event, regardless of whether today's result was "foreshadowed" by prior judicial decisions, it was "foreshadowed" by the clear and unambiguous language of the statute. Thus, even in the absence of a prior judicial determination anticipating today's result, we should decline the plaintiffs' invitation to make our decision here purely prospective. Today's construction of section 2—402 is compelled by the language of the statute, which, as the majority concludes, clearly requires this result. Having determined that section 2—402 does not authorize actions against fictitious parties, we should now enforce the terms of the statute—not only in future cases, but in these and other pending cases as well. Courts have no license to ignore valid legislative requirements.

The majority's determination to make today's ruling purely prospective can only invite litigants to find a retroactivity puzzle in every case of statutory construction. We have not previously hesitated to apply new statutory interpretations to existing disputes, however. (See *Castaneda v. Illinois Human Rights Comm'n* (1989),

132 Ill. 2d 304, 329-30; *Rothe v. Maloney Cadillac, Inc.* (1988), 119 Ill. 2d 288, 295.) Consistent with our past practice, as well as with the clear terms of section 2—402, I would apply the requirements of that statute to these and other pending cases.