JOHN GAYNOR, Petitioner-Appellee, v. BURLINGTON NORTHERN AND SANTA FE RAILWAY, Respondent-Appellant.

Fifth District   No. 5—99—0680

Opinion filed May 24, 2001.

Richard F. Nash, of Brasher Law Firm, L.C., of St. Louis, Missouri, for appellant.

Eric D. Jackstadt, of Granite City, for appellee.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Burlington Northern and Santa Fe Railway (respondent) appeals from an October 14, 1999, order entered in Madison County circuit court granting a Supreme Court Rule 224 (134 Ill. 2d R. 224) petition for presuit discovery. The issues presented for review are whether the petitioner's verified petition for discovery exceeded the scope of Illinois Supreme Court Rule 224, whether the trial court abused its discretion in granting the Rule 224 petition, and whether a cause of action exists under the Right of Publicity Act (765 ILCS 1075/1 *et seq.* (West 1998)) against IPSA International. We reverse.

## I. Jurisdiction

■ Before addressing the merits of the instant appeal, we must first address this court's jurisdiction to hear it. Jurisdiction can be neither stipulated to nor waived by the parties (*Provident Life & Accident Insurance Co. v. Smith*, 266 Ill. App. 3d 705, 639 N.E.2d 627 (1994)), and this court must determine *sua sponte* whether jurisdiction exists (*Salemi v. Klein Construction Co.*, 266 Ill. App. 3d 110, 639 N.E.2d 629 (1994)). It is necessary to first determine whether the trial court order granting a Rule 224 petition for discovery is a final and appealable order pursuant to Illinois Supreme Court Rule 301 (155 Ill. 2d R. 301). Because the filing of a Rule 224 petition creates an independent action for discovery (134 Ill. 2d R. 224) and an order entered on a Rule 224 petition finally adjudicates the rights of the parties and terminates the litigation, appellate jurisdiction exists. See *F.H. Prince & Co. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 640 N.E.2d 1313 (1994); *Anest v. Bailey*, 265 Ill. App. 3d 58, 637 N.E.2d 1209 (1994).

## II. Facts

As noted above, the instant appeal raises issues concerning the scope of allowable discovery under Supreme Court Rule 224. On August 31, 1999, several employees of respondent allegedly reported to the company that they were ill and, therefore, would not be reporting to work that day. As a result of what respondent considered an unusual number of employees calling in sick, the company hired an investigative service to perform surveillance and videotape a particular golf outing that it suspected the allegedly sick employees might attend.

On September 23, 1999, John Gaynor (petitioner) filed a verified petition for discovery under Supreme Court Rule 224. In his petition, petitioner stated that respondent hired an entity known as IPSA International to provide certain investigative services on August 31, 1999, and that IPSA International recorded several hours of videotape. Petitioner gained access to a videotape with an IPSA International label. Since petitioner viewed only three minutes of the videotape, he does not know the frequency at which or the duration for which his image was recorded or the identity and affiliation of those who performed such surveillance.

On September 23, 1999, petitioner filed a separate suit against IPSA International for damages allegedly arising from this incident. That suit, which was filed the same day as the petition under Supreme Court Rule 224 was filed, was pending in the circuit court of Madison County, Illinois, at the time this appeal was commenced.

In his Rule 224 petition, petitioner sought (1) the name and address of every firm retained by respondent to perform surveillance at or near the Arlington Golf Club on August 31, 1999, (2) the name, address, and employment affiliation of every individual who performed surveillance at or near the Arlington Golf Club on August 31, 1999, (3) all contracts or other documents referencing a relationship between respondent and IPSA International and any other firm or individuals connected with surveillance performed at the request of respondent at or near the Arlington Golf Club on August 31, 1999, and (4) all photographs, motion pictures, or video and audio recordings resulting from surveillance performed at the request of respondent at or near the Arlington Golf Club on August 31, 1999. Petitioner alleged that the information requested in the petition was necessary to determine who might be liable to him for damages under the Right of Publicity Act.

The trial court, after a hearing on the petition, granted petitioner's verified petition for discovery and ordered respondent to produce the materials requested in the petition. Respondent appealed. Respondent then filed, and the trial court granted, a motion to stay the trial court's order to produce the discovery, pending this appeal.

### III. Rule 224

■ Supreme Court Rule 224(a)(1) (134 Ill. 2d R. 224(a)) provides as follows:

> "(i) A person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for discovery.
> (ii) *** The petition shall be brought in the name of the petitioner

and shall name as respondents the persons or entities from whom discovery is sought and shall set forth: (A) the reason the proposed discovery is necessary and (B) the nature of the discovery sought and shall ask for an order authorizing the petitioner to obtain such discovery. The order allowing the petition will limit discovery to the identification of responsible persons ***.'' 134 Ill. 2d R. 224(a)(1).

## IV. Cases

The scope of Rule 224 has been addressed by the Illinois Appellate Court several times. In *Guertin v. Guertin*, the appellate court limited the rule's application to situations where the identity of the defendant was unknown. *Guertin v. Guertin*, 204 Ill. App. 3d 527, 561 N.E.2d 1339 (1990). In that case, the petitioner sought to depose the sister-in-law of a testator who purchased certificates of deposit that constituted the bulk of the testator's net worth. The sister-in-law was also a joint tenant in the certificates of deposit. The petitioner speculated that the sister-in-law had exercised undue influence over the testator. The appellate court reversed the trial court and vacated a civil contempt citation issued when the sister-in-law refused to appear for the deposition. The court found that the trial court had no authority under common law, the Code of Civil Procedure, or the supreme court rules to order the deposition. Rule 224 was found inapplicable because the identity of the defendant was already known.

In *Shutes v. Fowler*, 223 Ill. App. 3d 342, 584 N.E.2d 920 (1991), the appellate court upheld the constitutionality of Rule 224 and, in responding to challenges of the rule's constitutionality on vagueness grounds, noted that discovery under the rule was limited to discovering the identities of potential defendants. The court affirmed the trial court order requiring the petitioner's employer to disclose the identities of other companies that were known to be involved at the construction site where the petitioner was injured.

The next cases to address the scope of Rule 224 were *Roth v. St. Elizabeth's Hospital*, 241 Ill. App. 3d 407, 607 N.E.2d 1356 (1993), and *Malmberg v. Smith*, 241 Ill. App. 3d 428, 607 N.E.2d 1370 (1993). In *Roth*, the petitioner sought the production of medical records and the depositions of the respondent doctor who rendered care to the petitioner's decedent. The petitioner argued that broad discovery should be allowed to determine who might be responsible in damages. In reversing the contempt citation, *Roth* concluded that Rule 224 allowed a search for identity, not responsibility. The language of Rule 224 limits discovery under it to the identity of those who may be responsible in damages. 134 Ill. 2d R. 224(a)(i). Relying on the language of Rule 224 and the committee comments that follow, *Roth* held that it was abundantly clear that ''one who may be responsible''

(134 Ill. 2d R. 224) means a "potential defendant" and that the order should limit discovery to the identification of defendants. *Roth*, 241 Ill. App. 3d at 414-15, 607 N.E.2d at 1361. In addition, *Roth* stated that the rule is not intended to replace the general discovery provisions contained in Supreme Court Rule 201 (134 Ill. 2d R. 201).

*Roth* also agreed with the observation in *Shutes* that Rule 224 is intended to supplement section 2—402 of the Code of Civil Procedure (735 ILCS 5/2—402 (West 1998)), the respondent-in-discovery statute, which allows for the full discovery of named respondents once a lawsuit is filed against at least one known defendant. *Roth*, 241 Ill. App. 3d at 416, 607 N.E.2d at 1362. Once the identity of such a person or entity has been ascertained, the purpose of Rule 224 has been achieved and the action should be dismissed.

In *Malmberg*, an employee of the Illinois Department of Transportation filed a petition to compel the Department to disclose the identity of an informant and the contents of the informant's statement, which accused the employee of using illegal substances. The petitioner knew the identity of the potential libel defendant, a coemployee, and knew that the coemployee had accused the petitioner of illegal drug use while on duty. Relying on the decisions in *Guertin*, *Shutes*, and *Roth*, *Malmberg* held that Rule 224 was inapplicable because the identity of the potential defendant was already known.

The latest appellate court case to examine the scope of Rule 224 was *Beale v. EdgeMark Financial Corp.*, 279 Ill. App. 3d 242, 664 N.E.2d 302 (1996). In *Beale*, the petitioner pledged EdgeMark Financial Corp. (EdgeMark) stock as collateral for loans from two different lending institutions. The petitioner alleged that the pledged stock was sold by the lending institutions at a time the directors of the lending institution had reason to believe that the sale of EdgeMark was imminent. The petitioner further alleged that the National Association of Securities Dealers, Inc. (NASD), wrote to EdgeMark's president and asked EdgeMark to identify whether certain persons listed in an attached letter had any type of affiliation with EdgeMark or its officers, which could make them privy to nonpublic information concerning the business activities of EdgeMark. This letter, with the attached list of names and addresses of 36 individuals or married couples, was included as an exhibit to the Rule 224 petition. The petition, among other things, sought the discovery of all information provided by EdgeMark in response to the NASD letter. After the trial court granted this discovery, EdgeMark moved to modify the court's order, seeking to limit that discovery to only the names of the persons identified by EdgeMark in its response to the NASD letter. The trial court later denied EdgeMark's motion, after an *in camera* review of

EdgeMark's response to the NASD letter. EdgeMark appealed and the First District affirmed the trial court's order allowing the discovery of all information provided to NASD in EdgeMark's response to the same.

In examining *Roth, Malmberg,* and *Guertin, Beale* noted that none of those cases precluded discovery solely on the basis of the petitioner's knowledge of a name only, but in those cases the connection of each individual to the injury involved was known, and therefore, each was already identified as someone who might be responsible. The court held, "[W]here the known connection to the injury is remote and does little or nothing to limit or define the universe of potential defendants, the petitioner should not be precluded from ascertaining additional connecting facts to further refine the universe of defendants having potential liability so long as the attempted discovery does not seek to delve into any actual details of wrongdoing." *Beale,* 279 Ill. App. 3d at 252-53, 664 N.E.2d at 308. The court remarked that it is the trial judge who is to determine the extent of the above inquiry on a case-by-case basis, and the court instructed that a petition which sought to establish actual liability rather than the potential for liability should be denied. *Beale,* 279 Ill. App. 3d at 253, 664 N.E.2d at 308. After an *in camera* review by the appellate court of EdgeMark's response to the NASD letter, the court found that the document did not disclose specific facts of insider trading or any actual acts of wrongdoing. *Beale,* 279 Ill. App. 3d at 253, 664 N.E.2d at 309.

## V. Analysis

In the instant appeal, respondent argues that petitioner's verified petition for discovery exceeded the scope of Rule 224 and that, therefore, the trial court abused its discretion in granting the petition and ordering respondent to provide the materials requested. Respondent contends that the identity of two potential defendants—respondent and IPSA International—were known to petitioner, as he has alleged in his petition that respondent hired IPSA International to provide investigative services. In addition, respondent indicates that petitioner has already filed suit against IPSA International for damages allegedly arising out of this incident and remains in a position to file a suit against respondent. Relying on *Roth v. St. Elizabeth's Hospital,* 241 Ill. App. 3d 407, 607 N.E.2d 1356 (1993), respondent argues that because the identities of potential defendants are known, petitioner can use the general rules of discovery to determine responsibility. Respondent contends that although in *Beale* the court ordered the respondent to disclose a document though the document contained information and facts beyond the identity of potential

defendants, the court did so only to assist the petitioner's search for potential defendants and emphasized that a search for actual liability is not to be allowed. Respondent also argues that no Illinois court has so interpreted Rule 224 as to allow for a search for the identity of additional plaintiffs.

Petitioner argues that his discovery request in this action does not exceed the authority of Supreme Court Rule 224. Relying on *Beale* and its discussion of *Roth*, petitioner argues that even though a petitioner seeking Rule 224 discovery knows the name of one or more potential defendants and even when a suit has been filed against one or more defendants, a petitioner is not precluded from Rule 224 discovery. Petitioner contends that seeking the disclosure of both the name or names of the firms and individuals which respondent hired to perform surveillance and the production of documents regarding any such relationship is not an attempt to establish actual liability.

■ Rule 224's use is appropriate in situations where a plaintiff has suffered injury but does not know the identity of one from whom recovery may be sought. In such cases, there is a genuine need and, if the expiration of the statute of limitations is near, an urgent need to identify potential defendants so that a plaintiff is not without redress for the injury suffered. This scenario is a stark contrast to the case presented here, in which petitioner filed a verified petition seeking presuit discovery under Rule 224 and contemporaneously filed suit alleging injury arising out of the same incident. Petitioner's reliance on *Roth* and *Beale* is misplaced. *Roth* held that once the identity of those who may be responsible in damages has been ascertained, the purpose of the rule has been accomplished and the action should be dismissed. The petitioner in *Roth* argued that he should be allowed to engage in broad discovery in order to determine "the identity of one *who may be responsible* in damages" (emphasis added) (134 Ill. 2d R. 224), though it was clear, as it is here, that counsel already knew the identities of some who might be responsible in damages. Ascertaining identity is the only use for a Rule 224 action. Though *Beale* may have expanded the discovery available under Rule 224 somewhat, that expansion is not unlimited.

*Beale* held that, on occasion, the identification of a defendant may require more than simply a name and that, on those occasions, discovery under Rule 224 is not limited to the petitioner's ascertainment of a name only. However, even under *Beale*, knowledge of the connection of an individual to the injury involved will preclude further discovery under the rule. In *Malmberg*, it was the petitioner's knowledge that the respondent had made allegedly false statements about his drug use. In *Roth*, it was the petitioner's knowledge of the identi-

ties of many of those who might be responsible for the decedent's treatment. In *Guertin,* it was the petitioner's knowledge of facts that the respondent had allegedly exercised undue influence over a testator. In the instant appeal it is petitioner's knowledge that respondent hired IPSA International to perform surveillance, that his image was recorded without his consent by IPSA International while it performed such surveillance, and that the recordings were conveyed to respondent. Petitioner has knowledge of the connection of his alleged injury under the Right of Publicity Act to the potential defendants (respondent and IPSA International). The connection between petitioner's alleged injury and the identity of potential defendants already known is not remote. Therefore, petitioner has no need for additional connecting facts to further refine the universe of defendants having potential liability. To obtain additional discovery, petitioner may now utilize either the respondents-in-discovery statute of the Illinois Code of Civil Procedure (735 ILCS 5/2—402 (West 1998)) or the general discovery provisions of the Illinois Supreme Court rules (134 Ill. 2d R. 201 *et seq.*).

■ In this case, petitioner went far beyond anything authorized by *Beale* and sought not only the identities of additional defendants but also the identities of other potential *plaintiffs.* At a hearing on the petition, petitioner argued that Rule 224 and its reference to those responsible should also be read as allowing him to obtain the identity of additional plaintiffs. Petitioner argued before the trial court that he believed it imperative, due to the transient nature of videotape, that he should be entitled to see who else is on the videotape and to what extent their presence on the tape may be a basis for other causes of action. On appeal, petitioner suggests that where a petitioner suspects that the rights of others, as well as his own, have been violated by another, it is a legitimate and prudent exercise for the court's discretion to order steps which identify other claimants arising out of the same act. On rebuttal at the hearing, petitioner argued that he did not think it would be a radical departure from the case law in existence to allow for the identification of potential plaintiffs when the information sought is so ethereal and transient in nature.

We agree with respondent's observation that no Illinois court has held Rule 224 to authorize a search for the identity of additional plaintiffs. To determine the identity of those who may have a cause of action requires an inquiry into facts that may give an individual or entity a right to seek redress for a wrongful act by a potential defendant. *Torcasso v. Standard Outdoor Sales, Inc.,* 157 Ill. 2d 484, 626 N.E.2d 225 (1993). Such a search is not within the purview of Rule 224. Though *Beale* holds that Rule 224 may allow the discovery of ad-

ditional connecting facts to further refine the universe of defendants having potential liability, it does so as a means of discovering the identity of those who may be liable and only so long as the attempted discovery does not seek to delve into any actual details of wrongdoing.

The transient or elusive nature of a medium that is the subject of discovery may be of genuine concern to a party in litigation; however, that circumstance is not particularly relevant in this case. Even if it were, there are other methods available to protect the videotape. Supreme Court Rule 201(b)(1) allows a party to obtain full disclosure regarding any relevant matter, even where the discovery relates to the claim or defense of the party seeking disclosure. 134 Ill. 2d R. 201(b)(1). In addition, discovery may be initiated after all defendants have appeared or are required to appear, or it may be initiated earlier with leave of court. 134 Ill. 2d R. 201(d); *Yuretich v. Sole,* 259 Ill. App. 3d 311, 317, 631 N.E.2d 767, 772 (1994). Because petitioner has already filed suit against IPSA International, he has the opportunity, with leave of the court, to discover and protect the videotape under Rule 201, which eliminates any necessity for using Rule 224 because of the transient or ethereal nature of the medium sought.

The trial court's order granting the discovery provided as follows: "Rule 224 says [']the identity of those persons who may be responsible in damages.['] The question is[,] [D]amages for what[?] The only way the petitioner can find that out is to see the tape." The trial judge asked the wrong question. "Damages for what?" is not what the rule seeks to determine through presuit discovery; it is the *identity* of those persons who may be responsible in damages. The comments that follow the rule state, "The order allowing the petition will limit discovery to the identification of responsible persons and entities." 134 Ill. 2d R. 224, Committee Comments, at 189. The rule does not provide for the discovery of the identification of the injury or wrong that may have caused the damages or the identity of others who may have been injured by the conduct.

In the instant case, the identity of potential defendants and the close connection of such defendants to the injury alleged were known to petitioner at the time the Rule 224 petition was filed. On the same day that this Rule 224 petition was filed, petitioner filed an action against a known defendant. For further discovery, petitioner has had the ability to utilize the Code of Civil Procedure, namely, section 2—402 (735 ILCS 5/2—402) (West 1998)) and the general discovery provisions of the supreme court rules (134 Ill. 2d R. 201 *et seq.*). It is clear that the discovery sought in this action greatly exceeds the scope of Rule 224. The trial court order did not limit the discovery to the identification of responsible persons and entities; rather, it endorsed a

search for actual liability. The trial court abused its discretion when it ordered the discovery sought in the petition.

For the foregoing reasons, the order entered by the circuit court of Madison County is reversed, and the petition is dismissed.

Due to our finding that the petition exceeds the scope of Rule 224, we need not decide whether a cause of action exists under the Right of Publicity Act.

Order reversed.

WELCH and HOPKINS, JJ., concur.