# Illinois Official Reports

## Appellate Court

---

*Low Cost Movers, Inc. v. Craigslist, Inc.*, 2015 IL App (1st) 143955

---

| | |
|---|---|
| Appellate Court Caption | LOW COST MOVERS, INC., an Illinois Corporation, Petitioner-Appellant, v. CRAIGSLIST, INC., a Delaware Corporation, Respondent-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-14-3955 |
| Filed | December 15, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-L-7106; the Hon. Kathy M. Flanagan, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | John H. Wickert, of Northbrook, for appellant.<br><br>Eric D. Brandfonbrener and Kathleen A. Stetsko, both of Perkins Coie LLP, of Chicago, for appellee. |
| Panel | JUSTICE HYMAN delivered the judgment of the court, with opinion.<br>Presiding Justice Pierce and Justice Neville concurred in the judgment and opinion. |

**OPINION**

¶ 1 Low Cost Movers, Inc., which advertised its services on Craigslist, Inc., and other Internet sites, came to believe that one of its competitors "flagged" its Craigslist ads to get the ads removed from the website. Low Cost filed a petition under Illinois Supreme Court Rule 224 (eff. May 30, 2008), asking that Craigslist reveal the identity of anyone who had flagged its ads for removal since 2011, so that it could sue them. Craigslist informed the trial court that in 2014, it removed Low Cost's ads from its website for having violated Craigslist's terms of use. Craigslist agreed to Low Cost's request to search for improper flagging that occurred before 2014, but asked that Low Cost provide a limited date range for a possible search so it could assess the cost and feasibility of a narrower search. After Low Cost failed to provide Craigslist with a narrower date range, the trial court *sua sponte* dismissed the petition.

¶ 2 Low Cost appeals, arguing the trial court erred in dismissing its petition to obtain the identity of a potential defendant for its lawsuit. We affirm. After Low Cost discovered the identity of Craigslist, the trial court did not abuse its discretion in dismissing the Rule 224 petition because the purpose of Rule 224 had been met.

¶ 3                                                      BACKGROUND

¶ 4 Low Cost Movers, Inc., a residential and commercial moving company, filed a verified petition for discovery under Rule 224. Low Cost's petition sought the identity of anyone who had "flagged" ads posted by Low Cost on the Craigslist website. (Craigslist allows users to flag ads as inappropriate; ads that receive a sufficient number of flags are subject to removal.) Low Cost alleged that beginning in the summer of 2011, almost immediately after posting, their ads were flagged and deleted. Low Cost reposted the ads but they continued to be immediately flagged and removed. Low Cost speculated that this was the dirty work of one or more of its competitors and intended to sue any potential defendants for tortious interference with prospective economic advantage and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Illinois Consumer Fraud Act) (815 ILCS 505/1 *et seq*. (West 2012)). To identify potential defendants, Low Cost asked Craigslist for the name, address, telephone number, email address, Internet service provider address, and "any other information that may be used to identify any John Doe" who had flagged its ads.

¶ 5 At the initial status call, Craigslist reported that it had only recently been served with the Rule 224 petition and asked for a continuance so that it could discuss the petition with Low Cost. At the next status hearing, the parties reported Craigslist had recently disclosed to Low Cost that, in 2014, Craigslist, on its own initiative and unrelated to any flagging, had removed all of Low Cost's ads that had been pulled for violating Craigslist's terms of use. The trial court continued the case to permit the parties to engage in further discussions.

¶ 6 Craigslist's attorney informed the court at the following status hearing that Low Cost asked Craigslist to run a search to identify who had flagged its ads before 2014. Without committing to run additional searches, Craigslist asked Low Cost to propose a limited date range so that it could assess the cost and feasibility. Low Cost never provided any proposed dates and Craigslist argued that it had complied with its obligations under Rule 224 by telling Low Cost that it had removed the ads from the website. Low Cost's counsel acknowledged

he had not provided additional search dates to Craigslist and, at the end of the status hearing, the trial court *sua sponte* dismissed Low Cost's petition.

¶ 7    On December 4, 2014, the trial court held a hearing on Low Cost's motion to vacate the dismissal. Craigslist argued it had sufficiently complied with Rule 224 by disclosing to Low Cost that it had removed Low Cost's ads in 2014, and there was every reason to believe it removed ads before 2014 as well. Low Cost conceded that Craigslist had identified itself as one party that had removed its ads in 2014, but argued it should be allowed to find out if others might have flagged its ads before 2014. The trial court denied the motion to vacate finding that Craigslist had provided sufficient information to satisfy Low Cost's petition and Low Cost had not shown grounds to justify reconsideration. The court noted that Rule 224 was not to be used for purposes of discovery but instead, offered a means to identify at least one party that engaged in the conduct complained of, which Craigslist had done.

¶ 8                                                ANALYSIS

¶ 9    Low Cost argues the dismissal of its petition frustrated the purpose of Rule 224, by not permitting Low Cost to obtain the name of a potential defendant. Low Cost asserts that although Craigslist identified itself, Low Cost could not sue Craigslist under either of its theories–tortious interference with prospective economic advantage or violation of the Illinois Consumer Fraud Act (*id.*). Low Cost further argues that even if Craigslist was a potential defendant, its petition should have been permitted to ascertain the identities of other potential defendants.

¶ 10    Craigslist contends the trial court properly dismissed the petition because Low Cost learned the identity of one party that had engaged in the alleged wrongful activity thereby satisfying the requirements of a Rule 224 petition, which, properly observed, seeks to prevent a "fishing expedition." Craigslist also asserts that Low Cost failed to state a proper cause of action to overcome a dismissal under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2012)).

¶ 11    The filing of a Rule 224 petition creates an independent action for discovery to identify a party that may be responsible in damages. Ill. S. Ct. R. 224(a)(1) (eff. May 30, 2008). Specifically, Rule 224(a)(1) provides:

> "(i) A person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for such discovery.
>
> (ii) *** The order allowing the petition will limit discovery to the identification of responsible persons and entities ***." *Id.*

¶ 12    A Rule 224 petition allows discovery of the identity of a potential defendant whose identity is not already known. *Malmberg v. Smith*, 241 Ill. App. 3d 428, 432 (1993). "Once the identity of such a person or entity has been ascertained, the purpose of Rule 224 has been achieved and the action should be dismissed." *Gaynor v. Burlington Northern & Santa Fe Ry.*, 322 Ill. App. 3d 288, 292 (2001). Involvement of the trial court protects against abuses of the discovery process and guards against " 'fishing expeditions.' " *Shutes v. Fowler*, 223 Ill. App. 3d 342, 345 (1991). We review the trial court's decision to terminate a Rule 224 petition under an abuse of discretion standard. *Maxon v. Ottawa Publishing Co.*, 402 Ill. App. 3d 704, 710 (2010).

¶ 13    Low Cost contends the trial court should not have dismissed its petition because the purpose of Rule 224–identifying a potential defendant–has not yet been achieved. Low Cost acknowledges the line of appellate court cases, including *Roth v. St. Elizabeth's Hospital*, 241 Ill. App. 3d 407 (1993), *Malmberg*, and *Guertin v. Guertin*, 204 Ill. App. 3d 527 (1990), holding that a petition may be dismissed if a petitioner identifies one potential defendant. But, Low Cost attempts to distinguish these cases by asserting that Craigslist could not be a potential defendant in a case brought under Low Cost's theories of tortious interference with economic advantage and consumer fraud. According to Low Cost, identity alone does not suffice as a basis to dismiss a Rule 224 petition where the individual identified cannot be a defendant under the petitioner's espoused causes of action. Thus, Low Cost asserts it should be permitted to conduct additional discovery to determine whether anyone flagged its ads before 2014, who could be sued pursuant to its causes of action.

¶ 14    For support, Low Cost primarily relies on *Beale v. EdgeMark Financial Corp.*, 279 Ill. App. 3d 242 (1996). In *Beale*, which involved an alleged insider trading scheme of EdgeMark stock, the petitioner knew the identity of stock purchasers and that some of them were insiders. Through a Rule 224 petition, petitioner sought to discover which stock purchasers had access to insider information. The petition asked that the National Association of Securities Dealers, Inc. (NASD), turn over all information EdgeMark provided the NASD in response to a demand for the identity of persons affiliated with or officers of EdgeMark, which could make them privy to nonpublic information concerning EdgeMark's business activities. After the trial court granted the discovery, EdgeMark moved to modify the court's order, seeking to limit discovery to the names of the persons identified by EdgeMark in its response to the NASD inquiry. After an *in camera* review of EdgeMark's response to the NASD, the trial court denied EdgeMark's motion. EdgeMark appealed and the appellate court affirmed the trial court's order allowing full discovery of the information EdgeMark provided to the NASD.

¶ 15    *Beale* noted that *Roth*, *Malmberg*, and *Guertin*, had not precluded discovery solely on the basis of the petitioner's knowledge of a name only, but on the known connection of each individual to the injury. Therefore, each individual was already identified as someone who might be responsible. *Id*. at 252-53. The court held, "[W]here the known connection to the injury is remote and does little or nothing to limit or define the universe of potential defendants, the petitioner should not be precluded from ascertaining additional connecting facts to further refine the universe of defendants having potential liability so long as the attempted discovery does not seek to delve into any actual details of wrongdoing." *Id.*

¶ 16    Low Cost asserts that as in *Beale*, it should be permitted to further define the potential "universe of defendants." But Low Cost's reliance on *Beale* is misguided. *Beale* held that, on occasion, a defendant may require more than simply a name and when that occurs, discovery under Rule 224 is not limited to the petitioner's ascertainment of a name only. But, even under *Beale*, knowledge of the connection of an individual to the injury involved will preclude further discovery under the rule. In *Malmberg*, it was the petitioner's knowledge that the respondent had made allegedly false statements about his drug use. In *Roth*, it was the petitioner's knowledge of the names of many of those who might be responsible for the decedent's treatment. In *Guertin*, it was the petitioner's knowledge of facts that the respondent had allegedly exercised undue influence over a testator. Low Cost obtained the name of one party, Craigslist, that removed its ads from its website. The connection between

Low Cost's alleged injury and the identity of a potential defendant already known was, thus, not remote.

¶ 17 Further, we reject the notion that discovery may continue until the identity of the party that engaged in the "wrongdoing" coincides with petitioner's causes of action. The purpose of Rule 224 is to ascertain "the identity of one who *may* be responsible in damages." (Emphasis added.) Ill. S. Ct. R. 224(a)(1) (eff. May 30, 2008). The purpose of Rule 224 has been served despite Low Cost having no basis to sue Craigslist for tortious interference with prospective economic advantage or a violation of the Illinois Consumer Fraud Act. The *Beale* court observed that the trial judge determines the extent of inquiry on a case-by-case basis, and that a petition which sought to establish actual liability, rather than the potential for liability, should be denied. *Beale*, 279 Ill. App. 3d. at 253. Rule 224 is not intended to permit a party to engage in a wide-ranging, vague, and speculative quest to determine whether a cause of action actually exists. See *Shutes*, 223 Ill. App. 3d at 346 (trial court should refuse to permit " 'fishing expeditions' and other abuses"). Low Cost's petition served its purpose–to identify a party that may be responsible–not to establish actual liability.

¶ 18 Finally, as Low Cost acknowledges, it had the opportunity to request additional search dates from Craigslist and informed the court that it had failed to do so. Based on the information before the trial court, namely, that Craigslist had removed Low Cost's ads in 2014 and Low Cost had not provided additional search dates, the trial court acted well within its discretion in dismissing Low Cost's Rule 224 petition.

¶ 19 Affirmed.